UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KELLY ADAMS,                              )
                                          )
v.                                        )   Nos. 1:10-cr-23/1:11-cv-250
                                          )   *Judge Curtis L. Collier*
UNITED STATES OF AMERICA,                 )
                                          )

## **MEMORANDUM**

Kelly Adams ("Adams") has filed a *pro se* motion requesting post-conviction relief pursuant to 28 U.S.C. § 2255 (Crim. Court File No. 182).[1] Adams pleaded guilty, with the benefit of a plea agreement, to possession with intent to distribute 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) and was sentenced to the mandatory minimum sentence of 60 months imprisonment. Adams alleges her sentence is unconstitutional and she is entitled to be re-sentenced under the 2010 Fair Sentencing Act ("FSA") and that counsel was ineffective for failing to challenge her criminal history which she claims is overstated. The United States opposes the motion.

After reviewing the parties' filings, the relevant law, and the record, the Court concludes the motion will be **GRANTED IN PART AND DENIED IN PART** (Criminal Court File No. 182). The judgment of conviction entered against Adams on October 26, 2010, will be **AMENDED** and **CORRECTED** to the following limited extent. The sentence in criminal case number 1:10-cr-23 will be **VACATED** and the Clerk will be **ORDERED** prepare a new judgment to reflect Adams'

corrected and recalculated sentence based on the United States Sentencing Guidelines ("USSG") that

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

are now applicable.

## I. STANDARD OF REVIEW

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his conviction or sentence on the ground that it was imposed in violation of the United States Constitution. This Court must vacate and set aside the conviction or sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, ...." 28 U.S.C. § 2255(b).

To obtain relief under § 2255 based on an alleged constitutional error, the burden is on a movant to establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). To warrant relief under § 2255, a movant is required to show a fundamental defect in the criminal proceedings which inherently results in a complete miscarriage of justice or an egregious error that rises to the level of a violation of constitutional due process. *Davis v. United States*, 417 U.S. 333, 346 (1974); *Griffin*, 330 F.3d at 736; *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir.1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir.1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735

(citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir.1959); *United States v. Johnson*, 940 F.Supp. 167, 171 (W.D.Tenn.1996). Thus, a motion consisting of mere legal conclusions unsupported by factual allegations is insufficient to warrant an evidentiary hearing or § 2255 relief. *Short v. United States*, 504 F.2d 63 (6th Cir. 1974) ("No hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court").

**II.     PROCEDURAL HISTORY**

On February 23, 2010, the Grand Jury for the Eastern District of Tennessee, Chattanooga Division, filed a ten-count indictment charging Adams in two counts of the indictment (Criminal Court File No. 3). Adams and others were charge with conspiring to distribute at least five grams of crack cocaine (Count Five), and she and a co-defendant were charged with possession with intent to distribute at least five grams of crack cocaine (Count Eight), both in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Criminal Court File No. 3).

Adams pleaded guilty on May 26, 2010, to Count Eight of the Indictment, pursuant to a written plea agreement with the United States, in consideration of the government's agreement to move the Court to dismiss Count Five at the time of sentencing (Criminal Court File No. 92). The presentence investigation report ("PSR") calculated Adams sentence based on 19.4 grams of crack cocaine for a base offense level of 24 (PSR, ¶¶ 43, 44). After a two-level reduction for a minor role in the offense and a three-level reduction for acceptance of responsibility, her total offense level was 19 (PSR, ¶¶ 45, 50, 53). Although Adams' criminal history category of II placed her in the

Guideline range of 33 to 41 months' imprisonment, she was subjected to the 60-month statutory mandatory minimum under 21 U.S.C. § 841(b)(1)(B) (PSR, ¶¶ 60, 78, 79). Adams was sentenced to 60 months imprisonment based on the applicable mandatory minimum on October 14, 2010, and her judgment was entered on October 26, 2010 (Criminal Court File No. 149, Judgment). Adams did not pursue a direct appeal but timely filed the instant § 2255 motion on September 6, 2011 (Criminal Court File No. 182, § 2255 motion).

## III. FACTS

As part of her plea agreement, Adams agreed she possessed, or aided and abetted the possession of five grams or more of cocaine base ("crack") with the intent to distribute it. In addition, she agreed and stipulated to the following facts:

> a. On January 7, 2009, law enforcement stopped a vehicle in which the defendant was the passenger. The officers ran a trained narcotics detection dog around the car, and the dog "hit." The officers searched and found a cookie of cocaine base ("crack"), which weighed 19.4 grams according to a TBI lab test, in a coat the defendant was wearing.
>
> b. An expert would testify that 19.4 grams of cocaine base ("crack") is a distribution amount. Further, the defendant would admit that her co-defendant, Marcus Smith, who was the driver of the aforementioned car was gong to sell the cocaine base ("crack") and that she was aiding and abetting that illegal narcotics transaction.
>
> c. All of these events occurred in the Eastern District of Tennessee.

(Criminal Court File No. 92).

## IV. ANALYSIS OF CLAIMS

Adams raises two claims. First, she alleges her sentence is unconstitutional under the 2010 Fair Sentencing Act ("FSA"). Second, she contends counsel was ineffective for failing to challenge the validity of her prior criminal convictions. The Court will address Adams' ineffective assistance of counsel claim before analyzing her FSA claim and correcting and recalculating her sentencing

4

guideline range.

### A. Ineffective Assistance of Counsel

Adams contends counsel was ineffective for failing to challenge the validity of her prior convictions and argue her criminal history was overstated. Adams, however, fails to provide any factual support for this claim. Indeed, Adams fails to demonstrate any of prior convictions were invalid or explain what argument counsel should have advanced to demonstrate her criminal history was overstated.

To establish ineffective assistance of counsel, Adams must demonstrate a deficiency by counsel which rendered counsel's assistance objectively unreasonable and demonstrate the deficient performance resulted in prejudice to her. The Supreme Court, in *Strickland v. Washington*, 466 U.S. 668 (1984), established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious. The Strickland test requires a defendant to demonstrate two essential elements: (1) counsel's performance was deficient, *i.e.*, below the standard of competence demanded of attorneys in criminal cases; and (2) counsel's deficient performance prejudiced the defense, *i.e.* deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id*. at 687-88; *see also Flippins v. United States*, 808 F.2d 16, 17-18 (6th Cir.), *cert. denied*, 481 U.S. 1056 (1987).

Where a Sixth Amendment claim of ineffective assistance of counsel is made in a § 2255 proceeding in the context of a guilty plea, the prejudice prong of the *Strickland* test is adjusted. Therefore, Adams is required to allege and show there is a reasonable probability that, but for her counsel's errors and deficient performance, she would not have pleaded guilty, and she would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) ("[I]n order to satisfy the

5

'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ). To demonstrate a reasonable probability that she would have gone to trial, Adams is required to present evidence apart from a lone assertion that but for counsel's error she would have pleaded not guilty and gone to trial. *See Parry v. Rosemeyer*, 64 F.3d 110, 118 (3d Cir.1995) ("A defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial."), *cert. denied*, 516 U.S. 1058 (1996).

The standard by which a court reviews counsel's performance is highly deferential, and there is a strong presumption counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Sims v. Livesay*, 970 F.2d 1575, 1579-80 (6th Cir. 1992). "[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money*, 142 F.3d 313, 319 (6th Cir.1998), (quoting *Strickland v. Washington*, 466 U.S. at 690. "An error of counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Id*. at 691.

Initially, the Court observes that, contrary to the standard identified in *Hill v. Lockhart*, Adams has neither alleged nor demonstrated a reasonable probability that, but for her counsel's alleged error and deficient performance she would not have pleaded guilty and would have insisted on going to trial on both of the charges against her. Indeed, Adams does not seek to have the entire plea agreement set aside nor does she deny her involvement with the quantity of drugs for which she was sentenced. Rather, Adams seeks to keep and retain all of the benefits of her plea agreement that

6

accrued to her, including her three level reduction for acceptance of responsibility and two level reduction for her minor role, while at the same time she attempts to challenge her prior criminal history, and have the Court resentence her based on her alleged eligibility for the safety valve. Consequently, Adams has failed to demonstrate prejudice in relation to her ineffective assistance of counsel claim.

In addition, the burden is on Adams to prove she is entitled to relief in this § 2255 proceeding. *Owen v. United States*, 660 F.2d 696, 702 (6th Cir. 1981). In violation of Rule 2(b) of the Rules Governing Section 2255 Proceedings in the United States District Court, Adams has failed to provide any factual support for her ineffective assistance of counsel claim raised in her § 2255 motion. Therefore, the Court concludes, in addition to failing to demonstrate any prejudice as the result of counsel's alleged deficient performance, Adams's factually unsupported allegations are insufficient to support an evidentiary hearing or a request for relief under § 2255. *See Oliver v. United States*, 961 F.2d 1339, 1343 n. 5 (7th Cir. 1992) ("No hearing is required in a section 2255 proceeding if the . . . allegations in the motion are unreasonably vague [or] conclusory[.]")

Nevertheless, although Adams' § 2255 motion does not comport with Rule 2 of the Rules Governing Section 2255 Proceedings in the United States District Court, the Court will address her claim, to the extent possible, based on the limited information provided in the motion.

Adams claims her criminal history was overstated and, as the Court understands her claim, trial counsel was ineffective for failing to challenge her prior convictions. Adams seemingly claims that if counsel had challenged her prior convictions she may have been eligible for the safety valve provision. The burden is on Adams to prove she is entitled to relief in this § 2255 proceeding. *Owen v. United States*, 660 F.2d 696, 702 (6th Cir. 1981). Adams, however, has failed to identify

7

on what grounds her prior convictions could have been attacked. Adams has produced no evidence indicating that her prior convictions were invalid or her criminal history category substantially over-represented the seriousness of her criminal history category. Notably, Adams had several matters handled through the Hamilton County Juvenile Court, three of which resulted in her placement into the Tennessee Preparatory School, and two of which were dismissed. Adams' juvenile matters were not counted in her criminal history calculation. Likewise, Adams had several misdemeanor matters in Hamilton County Sessions Court which did not count in her criminal history calculation. Adams' conviction for driving on a revoked or suspended license for which she received two criminal history points established a criminal history category of II. There is no evidence before this Court from which it can even infer that there is a legitimate basis upon which counsel could have contested Adams' criminal history or the resulting criminal history category. Consequently, Adams cannot demonstrate any merit to such a challenge or any resulting prejudice from the alleged failure.

Also contrary to Adams contention, it does not appear that even if counsel had persuaded the Court to depart downward to criminal history category I, she would have been eligible to benefit from the safety valve provisions because there is absolutely no proof in either the criminal record or the § 2255 record, that she met all the criteria to warrant such a benefit. Specifically, there is no proof Adams did "not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3" § 5C1.2(a)(1).

Consequently, Adams has not demonstrated any deficiency in counsel's performance and resulting prejudice, thus she is not entitled to any § 2255 relief on her claim that counsel failed to challenge her criminal conviction and criminal history points. *See United States v. Kimler,* 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument cannot . . . form the

8

basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Accordingly, Adams will be **DENIED** § 2255 relief on this claim.

### B. FSA

Adams, who was sentenced for possessing with the intent to distribute 19.4 grams of crack cocaine before the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 ("FSA") was enacted, seeks to reduce her sentence pursuant to the FSA and *Dorsey v. United States,* ___ U.S. ___, 132 S.Ct. 2321 (2012).[2] On August 3, 2010, Congress passed the FSA that, *inter alia*, reduced the statutory penalties for crack cocaine offenses and the disparity in federal criminal penalties between powder and crack cocaine offenses. Specifically, the Act amends the sentencing provisions in 21 U.S. C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of crack necessary to trigger the 10 year mandatory minimum sentence, and raising the amount from 5 to 28 grams necessary to trigger the 5-year minimum. 21 U.S.C. §§ 841(b)(1)(A)(iii) and (b)(1)(B)(iii). *Dorsey v. United States,* 132 S.Ct. at 2329.

On June 12, 2012, the United States Supreme Court held that the Act's mandatory minimum sentencing provisions apply to all sentences imposed on or after the enactment date of August 3, 2010, regardless of when the offense conduct occurred. *Dorsey v. United States*, 132 S.Ct. at 2335. In *Dorsey*, the Supreme Court held that the FSA applies to those who committed crimes prior to the passage of the Act, but were sentenced after the August 3, 2010, effective date.

---

[2] Adams filed a motion for a sentence reduction under 18 U.S.C. § 3582(c) raising the same argument after filing this instant § 2255 motion (Criminal Court File No. 184). Although the Court previously granted that motion and reduced her sentence to 33 months (Criminal Court File No. 195), upon reconsideration at the government's request, the Court concluded it was proper to address the matter in this § 2255 proceeding.

9

The Act applies to Adams, who committed her offense involving 19.4 grams of crack cocaine on January 7, 2009, and was sentenced on October 14, 2010. Under the Act, neither the 5-year mandatory minimum sentence nor the previously calculated Guideline sentencing range apply to Adams. Therefore, Adams is entitled to relief under the Act and her previously imposed sentence must be vacated.

Adams' previous advisory guideline range was 33-41 months, based on a Criminal History Category II and a total offense level of 19. However, her effective guideline range was 60 months based on the mandatory minimum sentence. The United States Probation Office ("USPO") has calculated Adams' amended guideline range as 27 to 33 months, based on a total offense level of 17 and criminal history II category, and states she could be eligible for immediate release. The Court has reviewed both the previous Presentence Report and the Memorandum Regarding Retroactivity Amendment 750 which included Adams' amended guideline range.

## V.  CORRECTION OF SENTENCE-RIGHT TO BE PRESENT AND RIGHT OF ALLOCUTION

The Court "is authorized under Section 2255 to take necessary and appropriate action to correct the entire sentence package in accordance with the comprehensive sentencing scheme embodied in the United States Sentencing Guidelines (USSG)." *United States v. Crowder*, 947 F.Supp. 1183, 1189 (E.D. Tenn. 1996), *aff'd* No. 96-6684, 1998 WL 57292 (6th Cir. 1998). Therefore, the Court will "reevaluate the entire aggregate sentence to ensure that [Adams] receives the appropriate sentence . . . i.e., the sentence the Court would have originally imposed on [Adams] on Count [Eight] under the [now applicable] sentencing guidelines . . ." *Id.*

Since there is no additional evidence, nor are there any disputed facts, there is no need for

another sentencing hearing as part of the Section 2255 proceeding since, under Rule 32 of the Federal Rules of Criminal Procedure, Adams has already had an opportunity at the original sentencing hearing to challenge the accuracy and reliability of the information contained in the presentence investigation report and to present any mitigating evidence. There is also no need to have Adam present for this sentence correction. *See Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) ("There is no constitutional right to allocution under the United States Constitution . . . [and the] right to speak before the imposition of sentence under Fed.R.Crim.P. 32(c)(3)(C), applies to the original sentence and not to the subsequent resentencing.") (citing to *Hill v. United States*, 368 U.S. 424, 428 (1962)). Thus, the Court will correct Adams' sentence without having her present. *See* 28 U.S.C. § 2255 (b) ("If the court finds that the judgment . . . [is] open to collateral attack, . . . the court shall vacate and set the judgment aside . . . and shall . . . resentence him . . . or correct the sentence as may appear appropriate."); 28 U.S.C. § 2255(c) ("A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."). Only considering the facts that were before it during Adams' original sentencing, the Court corrects Adams' sentence in this § 2255 proceeding as explained below.

## VI.     RECALCULATING THE SENTENCE GUIDELINE RANGE

Adams' § 2255 motion will be **GRANTED** to the following extent–her 60 month sentence will be **VACATED** and **SET ASIDE** and the Clerk will be **ORDERED** to prepare an amended judgment.

The USPO has recalculated Adams guidelines. Application of the now applicable guideline range results in a reduction of Adams' original guideline range of imprisonment of 33 to 41 months.

11

Application of Amendment 750 to this case establishes a lower base offense level of 22. Applying the previous level reductions for acceptance of responsibility and her minor role, her adjusted offense level is 17. With a criminal history category of II, the Court calculates the new sentencing guideline range on Count Eight to be 27 to 33 months. After considering the entire record and for the reasons explained during Adams' original judgment proceedings, the Court concludes that a sentence at the high end of the guidelines is warranted and that the sentence on Count Eight will be **AMENDED** and **CORRECTED** to **THIRTY-THREE (33) MONTHS** of imprisonment. Adams' original four year term of supervised release on criminal case number 1:10-cr-23 will remain in effect as will her $100.00 assessment. It appears Adams is entitled to be released from imprisonment at this time under the terms of the sentence on Count Eight in criminal case number 1:10-cr-23 as corrected.

A separate judgment order will enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**